**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TARA PATRICK TAYLOR,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-7737** |
| | : | |
| **KENCREST,** | : | |
| **Defendant.** | : | |

# MEMORANDUM

**YOUNGE, J.** **NOVEMBER 25, 2026**

Plaintiff Tara Patrick Taylor initiated this *pro se* civil action against Kencrest and seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Taylor *in forma pauperis* status and dismiss this matter.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

This is the third civil action Taylor has filed in federal court this year. *See Taylor v. U.S. Medical Staffing,* Civil Action No. 26-7466, and *Taylor v. Delta T Group,* Civil Action No. 26-8495. She commenced the present action by filing an application to proceed *in forma pauperis* (ECF No. 1) and a Complaint (ECF No. 2). Taylor then filed a "Motion for Protection Order" (ECF No. 5), and a second "Motion for Protection Order" (ECF No. 7), in which she, *inter alia*, sought leave to file an amended complaint. By Order dated October 28, 2026, the Court granted Taylor thirty-days leave to file an amended complaint. (*See* ECF No. 8.) Because Taylor had sent communications directly to the undersigned and Chambers, she also was instructed to submit all future filings with the Clerk of Court. (*See id.*) On November 13, 2026, Taylor filed

[1] The Court adopts the sequential pagination supplied by the CM/ECF docketing system to the filings in this case.

the Emergency Amended Civil Complaint (ECF No. 9) that is presently before the Court. Taylor also filed numerous exhibits, letters, correspondence, and the like, presumably in support of her claims. (*See* ECF Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28.)

Taylor also filed a "Motion for Protection Order" (ECF No. 29). Therein, Taylor "request[s] that this court enter a Motion for Protection Order [in this case] in order to have this case reviewed by an experienced legal professional as well as amend the initial civil complaint." (*See id.* at 2.) Taylor notes that the undersigned dismissed her claims in Civil Action No. 26-8495, and through this motion, seeks protection "from undue financial burden and annoyance" of the case she filed. (*See id.*) This motion will be denied.

Taylor also filed a Motion for Recusal. (*See* ECF No. 30.) "Whenever a judge's impartiality might reasonably be questioned in a judicial proceeding, 28 U.S.C. § 455(a) requires that the judge disqualify himself." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004) (quotation marks omitted). "Motions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations." *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989). Further, recusal is not justified based upon a litigant's dissatisfaction with a Judge's rulings. *See Liteky v. United States*, 510 U.S. 540, 554 (1994). Taylor alleges recusal is warranted because she attended a networking event on November 11, 2026, at which the undersigned was on a panel. (*See* ECF No. 30.) She asserts that she did not have contact with the undersigned but seeks to "prevent any allegations of the Plaintiff or the Judge engaging in any unethical behavior[,] misjudgements [sic] of nonsensical, or futile filings." (*Id.*) Because Taylor's motion does not set forth any legitimate basis for recusal, the motion will be denied. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224

F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." (citations omitted)); *Grant v. Elias*, No. 22-3128, 2023 WL 6576269, at *2 (3d Cir. Oct. 10, 2023) (*per curiam*) (affirming denial of recusal motion that contained only conclusory assertions of bias).

Taylor also filed a "Motion to Seal Case File." (*See* ECF No. 32.) The common law presumes that the public has a right of access to judicial records. *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "A 'judicial record' is a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Id.* (citation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect, and that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* Vague and unsupported allegations are insufficient to justify sealing a case in whole or in part. *See id.* at 673 ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." (internal quotation marks and citation omitted)). "A party who seeks to seal an entire record faces an even heavier burden." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). Taylor requests that "all of her health, social security number, and banking information be sealed" because she owns a business and seeks to "protect trade secrets/commercial information," (*see* ECF No. 32). She has not met her burden of demonstrating that sealing this case is warranted. However, the Court will instruct the Clerk of Court to mark ECF Nos. 13, 21, 24, and 16 as "case participant and public terminal view only" because these documents potentially contain personally identifiable information.

Taylor is reminded of her obligation to redact personally identifiable information from any future filing with this Court. *See* E.D. Pa. Local Rule 5.1.3.

## II. FACTUAL ALLEGATIONS[2]

By way of background, the Court notes that Taylor's first civil action was brought against U.S. Medical Staffing alleging claims of employment discrimination. *See Taylor v. U.S. Medical Staffing*, Civil Action No. 26-7466. She stated that she was an independent contractor, not an employee of U.S. Medical Staffing ("USMS"), and alleged that she suffered discrimination, *inter alia*, when she was stationed to work at Kencrest. (*See* Civil Action No. 26-7466 at ECF No. 2.) By Memorandum and Order dated October 15, 2026, the Court granted Taylor *in forma pauperis* status, screened that Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed the claims. (*See* Civil Action No. 26-7466 at ECF Nos. 5 and 6.)

Presently before the Court is Taylor's Amended Complaint (ECF No. 9 ("Am. Compl."), alleging claims against Kencrest.[3] Taylor states that USMS coordinator Shannon Anderson called her on September 11, 2026, requesting a call back. (Am. Compl. at 2.) She received an email message that same day instructing her not to report to Kencrest work sites due to an

---

[2] The following allegations are taken from the Complaint and documents attached to the Complaint.

[3] The Amended Complaint, once submitted to the Court, serves as the governing pleading in the case because it supersedes the prior pleading. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). On November 24, 2026, Taylor also filed an "Amended Complaint" using the court's standard form complaint for use in employment discrimination cases. (*See* ECF No. 33.) Because the filing merely requests the Court to review her prior Amended Complaint, the Court will construe the Amended Complaint docketed at ECF No. 9 as the operative pleading in this case.

ongoing investigation. (*Id.*) Taylor states she filed a Complaint with the EEOC after being told by USMS that she was expected to arrive timely for her Kencrest shifts, or they would be cancelled. (*Id.*) Taylor claims she was late only one time when the clock on her phone malfunctioned. (*Id.*) She contacted the Kencrest compliance hotline regarding "maltreatment" from Kencrest staff, because they accused her of eating food that did not belong to her after it was offered, and of using hygiene items. (*Id.*) Taylor also alleges that her phone was stolen on August 10, 2026, while working at one of Kencrest's sites, and that she was falsely accused of poor work performance, including sleeping on duty after she had already informed staff that she was resting her eyes. (*Id.*)

Based on these allegations, Taylor seeks to bring claims pursuant to the Trafficking Victims Protection Act, various federal criminal statutes, and state tort law. (*See id.* at 3.) Taylor states that she is a resident of Pennsylvania and Kencrest is a business in Montgomery County, Pennsylvania. (*Id.*) As relief for her claims, Taylor seeks monetary damages to compensate her for, *inter alia*, missed business opportunities and emotional distress. (*See id.* at 3-4.) Taylor also asks the Court to direct Kencrest "to supply Tara Patrick Taylor Incorporated/Infinite Psychological Services with 3-5 severely intellectually disable clients ensuring that Tara Patrick Taylor Incorporated remains full of residential clients." (*Id.* at 4.) She also asserts that Kencrest "contributed to [her] Licensed Associate Professional Counselor being provisionally denied due to causing employer related emotional distresses." (*Id.* at 4-5; *see also* ECF No. 13.)

## III. STANDARD OF REVIEW

Because Taylor appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, the Amended Complaint is subject to

screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Amended Complaint if, *inter alia*, it is frivolous or fails to state a claim. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in a *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245). Additionally, the Court must review the Amended Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## IV. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A plaintiff bringing a lawsuit in federal court has an obligation to show the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Cases that can be heard in federal court include cases based on federal law, known as federal question jurisdiction, *see* 28 U.S.C. § 1331, and cases in which the plaintiffs and defendants are citizens of different states and the amount in controversy is at least $75,000, known as diversity jurisdiction, *see* 28 U.S.C. § 1332(a). Even a liberal reading of Taylor's Amended Complaint fails to reveal any factual allegation that might support a plausible claim to relief under federal law.

Taylor seeks to present claims pursuant to the "Trafficking Victims Protections Act (22 U.S.C. ss 7102)." (Am. Compl. at 3.) There is a federal cause of action for victims of trafficking pursuant to the Trafficking Victims Protection Act of 2000. *See, e.g.*, 18 U.S.C. § 1595; 22 U.S.C. § 7102(11)-(12), (17). However, Taylor has not alleged any facts, much less plausibly alleged facts, suggesting that Kencrest subjected her to human trafficking. *See Brown v. City of*

*Phila. Off. of Hum. Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) (affirming dismissal of claims seeking civil remedy for violations of the Trafficking Victims Protection Act where the plaintiff failed to allege any facts suggesting that the defendants subjected him to human trafficking, peonage, or the like (citing 18 U.S.C § 1581 *et seq.*) in connection with an electronic job application process). Taylor repeatedly represents in her filings that she is a victim of domestic and sexual violence and human trafficking. (*See, e.g.*, ECF No. 31.) While the Court is sympathetic to the difficulties these experiences must cause Taylor, they do not provide her with the type of claims she repeatedly seeks to assert. Furthermore, Taylor seeks relief in the form of damages and injunctive relief to assist her with establishing a business, which is wholly inappropriate under the circumstances presented. Moreover, to the extent Taylor invokes various federal criminal statutes as the basis for a civil claim (*see* Am. Compl. at 3), she may not do so. Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Phila. Office of Hum. Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *see also Murse v. Murse*, No. 24-1057, 2024 WL 1739295, at *1 (3d Cir. Apr. 23, 2024) (*per curiam*) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (first citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); then citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of claims alleging violation of criminal statutes, including 18 U.S.C. § 241, because "these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action"))) (footnote omitted).

The allegations in the Amended Complaint present no basis for federal question jurisdiction and the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)

over any state law claims, to the extent Taylor seeks to present any. To the extent Taylor seeks to present state law claims, diversity jurisdiction under § 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, no plaintiff may be a citizen of the same state as any defendant." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). It is the plaintiff's burden to establish diversity of citizenship. *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *see also Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met). Taylor has not met this burden. She does not allege the citizenship of the parties, although she provides a Pennsylvania address for herself and the Defendant. Accordingly, Taylor has not sufficiently alleged diversity jurisdiction. All state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Taylor may refile her state law claims in state court, where federal jurisdiction will not be an issue, if she chooses to do so.[4]

---

[4] The Court expresses no opinion on the merit of any such claims.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Taylor leave to proceed *in forma pauperis* and dismiss the Complaint. All federal law claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and all state law claims will be dismissed for lack of subject matter jurisdiction. No leave to amend will be given, as under the circumstances of this case, amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002). Additionally, Taylor's request for appointment of counsel (ECF No. 34) will be denied as moot. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (stating that the court should first determine whether a plaintiff's lawsuit has a legal basis when determining whether appointment of counsel is appropriate).

Taylor has submitted most of her filings using this court's Electronic Document Submission ("EDS") tool. As explained on the Eastern District of Pennsylvania's website, EDS is a "service that may be used by self-represented litigants without CM/ECF privileges for filing a new civil case or for filing documents in existing civil, criminal or miscellaneous cases, as an alternative to mailing or bringing the document to the courthouse." *See* https://www.paed.uscourts.gov/pro-se/pro-se-eds (last accessed November 25, 2026). Using EDS to submit documents to the court is a privilege; it is not a right. *Id.* It may be revoked at any time if abused. *Id.* In the November 16, 2026 Memorandum filed in *Taylor v. Delta T Group*, Civil Action No. 26-8495 at ECF No. 45, Taylor was warned that if she continued to submit repetitive, nonsensical filings, the privilege of using EDS would be revoked in any case she files with this court. Taylor has continued to submit numerous, frivolous filings in each of the cases she initiated in this District and the filings are a burden on the Court. Because of this burden, the privilege of using EDS to submit documents to the United States District Court for

the Eastern District of Pennsylvania is revoked. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (stating that courts have inherent power to impose an appropriate sanction for conduct which abuses the judicial process); *R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022) (stating that "[c]ourts possess inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (quotation marks and citation omitted)); *see also City of Philadelphia v. Bradley*, No. 24-1210 (3d Cir.), ECF No. 118 (directing Clerk of Court to terminate appellant' s electronic filing privileges due to abuse of the system by excessive filings and stating that no further submissions relative to that appeal would be accepted, docketed, or responded to). Further, Taylor is warned that if she files frivolous, meritless, or repetitive lawsuits in this District, she may be subject to additional sanctions, including a prefiling injunction prohibiting her from proceeding *in forma pauperis* in future lawsuits, with limited exceptions.

An appropriate order follows dismissing this case, which shall be entered separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

*/s/ John Milton Younge*

**JOHN MILTON YOUNGE, J.**